**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4195

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICE A. PARKER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-01-338)

Argued: November 30, 2005              Decided: January 11, 2006

Before WILKINS, Chief Judge, and LUTTIG and WILLIAMS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Mary Elizabeth Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Christopher M. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Allen F. Loucks, United States Attorney, Ari S. Casper, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurice A. Parker appeals his conviction for felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and his sentence of seventy-eight months' imprisonment. Because we conclude that any error the district court might have made in admitting prior-act evidence was harmless, we affirm Parker's conviction. Parker's sentence, however, was based on facts not found by the jury; therefore, we vacate his sentence and remand for resentencing.

I.

On April 24, 2001, Corporal Richard Horn of the Prince George's County (Maryland) Police Department was patrolling the Glenarden Apartment complex in an unmarked car when a white 1990 Buick Regal with Pennsylvania tags passed him. Because he was looking for vehicles with out-of-state tags that had not been registered in Maryland, Cpl. Horn ran a computer check on the tags and learned that the car was reported stolen in Pennsylvania. Cpl. Horn and another officer at the scene stopped the car and arrested the driver, Maurice Parker. As Cpl. Horn searched the car, he found a loaded Norinco 7.62 semiautomatic firearm underneath the front seat. On June 20, 2001, a grand jury for the District of Maryland returned a one-count indictment against Parker for felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1).

3

Prior to Parker's trial, the Government notified the district court and Parker's counsel that it would seek to introduce evidence establishing that Parker stole a firearm several years earlier.[1] The evidence consisted of a security video tape at the liquor store where Parker once worked purporting to show that Parker had stolen a firearm and testimony from the store's manager, Peter Watts. The Government argued that this evidence would help show that Parker was in knowing possession of the firearm at the time of his arrest and that the gun was not in the car because of an accident or mistake. Parker objected to the evidence.

At trial, Cpl. Horn testified to the circumstances of Parker's arrest, and the car's rightful owner, Jamie Horn, also testified that she did not own a gun and had not lent her car to anyone who would have put a gun in the car.[2] In addition, the district court overruled Parker's objection to Watts's testimony and the introduction of the video tape. Watts testified that he kept a firearm on a shelf near the register for additional security. In February 1998, Watts noticed that the firearm was missing, so he reviewed the store's security video tape. The video tape, which was played to the jury, showed Parker standing behind the register and reaching down to the area where the firearm was kept. Parker

---

[1]The gun stolen from the store was not the gun found in the Buick.

[2]It is unclear whether Cpl. Richard Horn and Jamie Horn are related.

4

then took an unidentified object, lifted up the front of his t-shirt, tucked the object in his waistband, and put his shirt back down. Immediately after the jury received this evidence, the district court instructed the jury that the evidence could only be used to show Parker's state of mind, i.e., his intent to possess the firearm in the Buick, and that it could not be used as substitute for proof that Parker committed the crime for which he was being tried. The district court repeated a similar limiting instruction in its final charge to the jury. The jury returned a guilty verdict, and the district court sentenced Parker to seventy-eight months' imprisonment. Parker noted a timely appeal.

## II.

Parker argues that the district court erred in admitting the evidence that Parker took the gun from the liquor store. We review the district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).

"Rule 404(b) . . . prohibits the introduction of '[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith.'" United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998) (quoting

Fed. R. Evid. 404(b)).[3]  The rule does, however, permit such evidence to be introduced for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."  Fed. R. Evid. 404(b).  If the prior act evidence was erroneously admitted, the district court's evidentiary ruling "[is] subject to harmless error review."  United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

In Queen, we articulated a four-prong test for determining the admissibility of prior-act evidence: "(1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be 'substantially outweighed' by its prejudicial nature."  Id. at 995.  We need not decide whether the district court erred in admitting the evidence regarding Parker's prior gun possession.  Even if the district

---

[3]Rule 404(b) states in full:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

court so erred, "we do not believe that its erroneous admission warrants reversal of . . . [Parker's] conviction[] because the jury was presented with overwhelming evidence of his guilt." United States v. Aramony, 88 F.3d 1369, 1379 (4th Cir. 1996). The jury heard evidence that Parker took Jamie Horn's car and that Parker was the only person in the car when Cpl. Horn stopped him. Horn did not own a gun, and she did not lend her car to anyone who would have put a gun there. Furthermore, immediately after the prior-act evidence had been presented -- and again in the final charge -- the district court gave limiting instructions to the jury about the use of the prior-act evidence. In light of the other evidence showing that the presence of the gun was not a mistake or accident, we are convinced that any error in admitting the prior act evidence did not "substantially sway[]" the jury's verdict. Brooks, 111 F.3d at 371 (internal quotation marks omitted). Because any error was harmless, we affirm Parker's conviction.

## III.

Parker also contends that he is entitled to be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005), because his sentence was enhanced based on facts not found by the jury in violation of his Sixth Amendment rights. The jury found Parker guilty of possessing the firearm, but the district court found that Parker possessed the gun in connection with another felony --

possessing a stolen car -- and that Parker had obstructed justice by escaping from home electronic monitoring.  Because Parker did not object to the district court making these factual findings, we review for plain error.  <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).  Without these judge-found facts, Parker would have been assigned an offense level of fourteen, and, with a criminal history category of VI, he would have been sentenced within a guideline range of 37-46 months' imprisonment.  <u>See</u> U.S. Sentencing Guidelines Manual (2001).  Based on these facts, Parker was assigned an offense level of twenty and was sentenced to seventy-eight months' imprisonment.

Because Parker was sentenced to a term of imprisonment that exceeded the maximum authorized by the jury verdict alone, Parker's Sixth Amendment rights were violated.  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").  Accordingly, "we conclude that the district court plainly erred in imposing a sentence on [Parker] that exceeded the maximum allowed based on the facts found by the jury alone."[4]   <u>Hughes</u>, 401 F.3d at 547.  We therefore vacate

---

[4]"We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Parker's] sentencing."  <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4

Parker's sentence and remand his case to the district court for

resentencing.  In determining Parker's sentence on remand,

> the district court should first determine the appropriate
> sentencing range under the Guidelines, making all factual
> findings appropriate for that determination. <u>Hughes</u>, 401
> F.3d at 546.  The court should consider this sentencing
> range along with the other factors described in 18 U.S.C.
> § 3553(a), and then impose a sentence. <u>Id.</u>  If that
> sentence falls outside the Guideline range, the court
> should explain its reasons for the departure, as required
> by 18 U.S.C. § 3553(c)(2).  <u>Hughes</u>, 401 F.3d at 546.  The
> sentence must be "within the statutorily prescribed range
> and . . . reasonable."  <u>Id.</u> at 547.

<u>United States v. Gray</u>, 405 F.3d 227, 244 n.10 (4th Cir. 2005).


                                IV.

For the foregoing reasons, we affirm Parker's conviction.  We

also vacate his sentence and remand for resentencing.


<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

(2005).

9